**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| MARIJAN CVJETICANIN, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. |

Civil Action No. 19-549 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court on Petitioner's motion to vacate sentence (ECF No. 1), and the numerous motions he has filed while this matter has been pending. (ECF Nos. 9, 12, 14, 18-20.) By way of background, Petitioner filed his motion to vacate sentence In January 2019. (ECF No. 1 at 1.) On February 25, 2019, this Court entered an order directing the Government to file a response to Petitioner's motion to vacate sentence. (ECF No. 2.)

Following several extensions, the Government filed a letter requesting that this Court grant them leave to interview Petitioner's former counsel and a finding that Petitioner had impliedly waived attorney-client privilege by raising claims of ineffective assistance of counsel. (ECF No. 5 at 1-2.) Petitioner opposed that request. (ECF No. 7.)

The Third Circuit has held that a party implicitly waives their attorney-client privilege when they place the legal representation they received directly in issue. *See Emmanouil v. Roggio*, 499 F. App'x 195, 201 (3d Cir. 2012); *U.S. Fire Ins. Co. v. Asbestopsray, Inc.*, 182 F.3d 201, 212 (3rd Cir. 1999); *Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996); *Rhone-Poulenc Rorer Inc. v. Home Indent. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *see also Ragbir v. United States*, No. 17-1256, 2018 WL 1871460, at *2-3 (D.N.J. Apr. 19, 2018). Where a habeas petitioner "claims that he received ineffective assistance of counsel, he puts communications between

himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *Ragbir*, 2018 WL 1871460 at *2 (quoting *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009)). This waiver, however, is not unlimited in scope – the petitioner claiming ineffective assistance impliedly waives attorney-client privilege only "with respect to communications with his attorney necessary to prove or disprove his claim[s]." *Pinson*, 584 F.3d at 978; *see also Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (courts "must impose a waiver no broader than needed to ensure fairness of the proceedings before it"); *Ragbir*, 2018 WL 1871460 at *3 (implied waiver limited "to attorney-client communications that are necessary for the resolution of the claims at hand"). Because Petitioner has placed his counsel's representation of him into issue by raising ineffective assistance of counsel claims, this Court finds that he has waived attorney-client privilege as to any communications with counsel "necessary to prove or disprove his claim[s]." *Pinson*, 584 F.3d at 978. This Court therefore grants the Government's request for permission to interview Petitioner's prior counsel to the extent the Government still wishes to do so.

Following the request to interview counsel, Petitioner filed a motion seeking bail pending the outcome of this habeas matter. (ECF No. 9.) Following his release from prison, however, he filed a second motion requesting to withdraw his bail motion as moot. (ECF No. 12.) As Petitioner's request for bail is moot, this Court grants his request to withdraw his bail motion and denies the bail motion as both moot and withdrawn.

In May 2019, the Government filed a letter requesting that Petitioner be required to file an amended and more specific habeas petition, as Petitioner's initial petition was considerably longer than permitted by the local rules. (ECF No. 6.) Alternatively, the Government requested a considerable extension of time within which to answer Petitioner's current petition. (*Id.*) Petitioner opposed that request. (ECF No. 8.) In an apparent attempt to compromise, however,

2

Petitioner filed a motion requesting that the Court essentially either sever his petition into two parts and order the Government to address a small subset of his claims first and address his remaining claims only if he was not granted relief on this first set of claims; or proceed by permitting wide ranging discovery and an open-ended evidentiary hearing on *all* of Petitioner's claims.[1] (ECF No. 12.) The Government opposed this request. (ECF No. 13.) While those requests were pending, Petitioner attempted to file a separate habeas petition pursuant to 28 U.S.C. § 2241 challenging his conviction before the Honorable Renée Marie Bumb, U.S.D.J. (ECF No. 18.) Finding that Petitioner's claims could proceed only under § 2255, Judge Bumb transferred that Petition to this Court as a motion to amend Petitioner's motion to vacate sentence. (*See* ECF Nos. 16-18.) Petitioner thereafter filed a motion seeking to withdraw his § 2241 petition to the extent Judge Bumb transferred it to this Court as a motion to amend. (ECF No. 19.) Petitioner clarified that he still intends to proceed with all of the claims in his original habeas petition, but reiterated his request to have this Court proceed either by ordering briefing on only some of his claims or by permitting him to conduct discovery. (*Id.*) Petitioner thereafter filed an additional motion to supplement his previously submitted appendices to include various documents from his underlying criminal proceedings. (ECF No. 20.) Petitioner states in that request, however, that he still wishes to proceed piecemeal on some of his claims and that he does not intend by that motion to amend or withdraw any of his claims raised in his original § 2255 motion. (*Id.* at *2.)

Turning first to the "motion to amend," in reality the § 2241 petition filed before Judge Bumb (ECF No. 18), this Court grants Petitioner's request (ECF No. 19) to withdraw the petition

---

[1] On May 29, 2020, Petitioner filed a motion to "correct" the ECF record (ECF No. 14) because he believes that his two requests contained in ECF No. 12 – his motion to withdraw his bail motion and his motion to proceed either on part of his claims at first or with discovery – should have been filed as two separate documents on the ECF Docket Sheet. As this Court is considering both requests separately in this order, there is no need to have the Clerk split ECF No. 12 into two separate documents, and Petitioner's May 29 motion (ECF No. 14) is denied.

3

to the extent it was refiled as a motion to amend in this matter. The motion to amend is therefore dismissed as withdrawn.

This Court likewise denies without prejudice Petitioner's requests for wide ranging discovery or an evidentiary hearing on all of his claims. Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, a party in a § 2255 matter may only conduct discovery upon leave of court, which will only be granted following a showing of good cause. Good cause will only be shown where the request for discovery presents "reason to believe that [the petitioner] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief" if permitted to engage in discovery. *In re Platts*, 573 F. App'x 87, 88 (3d Cir. 2014) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). Likewise, a § 2255 petitioner is not automatically entitled to an evidentiary hearing as to all of his claims – instead, a hearing need only be held where the motion, briefs, files, and records do not conclusively show that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992); *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015).

Although this matter has been pending for a considerable period of time, because of the parties' disputes, no answer has yet been filed, and this matter is thus not yet fully briefed. As the record of this matter is not yet complete, this Court is not currently able to determine whether all of Petitioner's claims are decidedly without merit based purely on the record of this matter and the underlying criminal proceedings, and it is in turn not clear that the broad discovery Petitioner requests will be necessary to resolve his claims. Petitioner's request that he be permitted to engage in broad discovery or an open ending hearing as to all of his claims to the extent the Court requires the parties to address all of his claims at once (ECF No. 12) is therefore denied without prejudice.

4

To the extent that Petitioner wishes to seek discovery after the initial briefing of this matter is completed, he may file a new motion at that time.

Turning to the remaining motions, this Court will deny the Government's request to have Petitioner file an amended or clarified motion. Although the Court grants that Petitioner's motion to vacate sentence (ECF No. 1) is of a considerable length, given Petitioner's *pro se* status and the number of claims Petitioner seeks to raise, this Court does not find that the interests of justice would be served by having Petitioner file a shortened form of his motion to vacate sentence at this time. That said, the Court also finds that the interests of justice would be in no way served by severing some of Petitioner's claims and proceeding piecemeal on them only to have to deal with the remainder should this first set of claims not end in his favor. Such a procedure would fly in the face of the requirement that habeas petitioners submit all of their claims in a single § 2255 motion. *See, e.g., United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999). Given Petitioner's apparent belief that a small subset of his claims are either stronger or more straightforward than some of his other claims which may go beyond the record of his criminal matter, and given the confusion that may arise in light of the procedural history of this matter as to what claims Petitioner does or does not intend to pursue, this Court will permit Petitioner, however, to submit an amended motion to vacate sentence containing *all* of the claims he wishes to pursue in this matter within thirty days. If Petitioner fails to file an amended petition within that time, his original motion (ECF No. 1) shall be deemed his operative motion to vacate sentence, and the Government shall respond to it in due course. Finally, this Court grants Petitioner's motion to supplement his initially filed appendix (ECF No. 20) only to the extent that the Court will consider the documents attached to that motion in reaching its ultimate decision in this matter.

**IT IS THEREFORE** on this 3rd day of June, 2021, **ORDERED** that:

1. The Government's request for permission to interview Petitioner's prior counsel (ECF No. 5) is **GRANTED**;

2. Petitioner's request to withdraw his bail motion (ECF No. 12) is **GRANTED**;

3. Petitioner's bail motion (ECF No. 9) is **DENIED** as both moot and withdrawn;

4. Petitioner's motion to withdraw his § 2241 petition as a motion to amend (ECF No. 19) is **GRANTED** only to the extent that the "motion to amend" shall be dismissed as withdrawn;

5. The "motion to amend" (ECF No. 18) is **DISMISSED** as withdrawn;

6. Petitioner's request that he be permitted to conduct discovery and receive an evidentiary hearing (ECF No. 12) is **DENIED WITHOUT PREJUDICE** to the filing of a new motion once the briefing of this matter is complete;

7. Petitioner's motion seeking to correct the Docket sheet of this matter (ECF No. 14) is **DENIED**;

8. Petitioner's motion to supplement his appendix (ECF No. 20) is **GRANTED**;

9. The Government's request that Petitioner be required to file a shortened or clarified motion to vacate sentence (ECF No. 6) is **DENIED**;

10. Petitioner's request that this Court proceed by considering some of his claims currently and reach his other claims at a later date (ECF Nos. 12, 19) is **DENIED**;

11. Petitioner is granted leave to file an amended petition containing *all* of the claims he wishes to pursue in this matter within thirty (30) days of the date of this Order, failure to do so shall result in this Court treating Petitioner's original motion (ECF No. 1) as his all-inclusive § 2255 motion and this matter proceeding on the claims contained in that motion;

12. If Petitioner files an amended motion to vacate sentence, the Government shall file an answer to that motion within sixty (60) days of the date on which the amended motion to vacate sentence is filed;

13. If Petitioner chooses not to file an amended motion to vacate sentence, the Government shall file a full and complete answer to all claims contained in the original motion (ECF No. 1) within ninety days of the date of this Order; and

14. The Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE