UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARIJAN CVJETICANIN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 19-549 (MAS)

**MEMORANDUM ORDER**

    This matter comes before the Court on Petitioner's motion seeking reconsideration of the Court's order and opinion denying his motion to vacate sentence filed pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 30.) The scope of a motion brought pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2 n.3 (D.N.J. 2011).

    In his motion, Petitioner first contends that this Court erred in deciding his motion to vacate sentence without considering his request to conduct further discovery. By way of background,

when Petitioner filed his motion to vacate sentence, he also filed a request to conduct additional discovery. (ECF No. 1-2.) In that request, Petitioner sought permission to conduct a fishing expedition for various materials including admissions or interviews with prior defense counsel and witnesses related to his former employer, requests for admissions from the Government to support his unsupported allegations of a grand conspiracy against him, the identities and addresses of trial jurors, grand jury minutes, and other pieces of information. (*Id.*) In February 2019, this Court informed Petitioner that his request would be taken under advisement and considered in due course as part of this Court's ultimate decision. (*See* ECF No. 2.) This Court did just that in reviewing and deciding Petitioner's motion. Although the Court did not, in its opinion, explicitly deny the motion, the Court did explicitly conclude that it had considered Petitioner's motion and found all of his claims to be either without merit or procedurally barred. The Court also indicated that no further hearings or other information beyond the current record was necessary for the Court to reject Petitioner's motion to vacate sentence. (ECF No. 29 at 5.) Although implicit rather than explicit, that was, in fact, a denial of Petitioner's discovery requests, which, although framed as documentary requests, were in large part requests to broadly question and interrogate witnesses as one would in an evidentiary hearing. As this Court rejected the need for further discovery, and found no hearing necessary to deny Petitioner's motion, this Court did not err in not explicitly rejecting Petitioner's requests for further discovery. *See, e.g., United States v. Noyes*, 589 F. App'x 51, 53 (3d Cir. 2015) (§ 2255 does not permit broad fishing expedition discovery requests and provides limited discovery only where good cause is shown and discovery is likely to provide a basis for relief). Petitioner's discovery related argument thus provides no valid basis for reconsideration.

In his remaining arguments, Petitioner attempts to relitigate a number of his claims which this Court either rejected as without merit – such as Petitioner's claim of actual innocence – or

found procedurally barred as they had either been previously raised and rejected on direct appeal or should have been raised on appeal. In so doing, Petitioner does little more than retread previous arguments that the Court already rejected and profess his profound disagreement with this Court's decision. Petitioner, however, fails to show any error in this Court's reasoning, or that he suffered a manifest injustice in light of this Court's rejection of his claims as either meritless or barred. Petitioner's mere disagreement with this Court's decision provides no valid basis for reconsideration. *Blystone*, 664 F.3d at 415. Petitioner's motion for reconsideration must therefore be denied.

**IT IS THEREFORE** on this 30th day of August, 2022, **ORDERED** that:

1. The Clerk of the Court shall reopen this matter for the purposes of this Order only;
2. Petitioner's motion for reconsideration (ECF No. 30) is **DENIED**; and
3. The Clerk of the Court shall serve a copy of this Order upon Petitioner electronically and by regular mail and upon the Government electronically, and shall **CLOSE** the file.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE